UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

CEDAR PETROCHEMICALS, INC.,

        Plaintiff,

   -v-                                No. 06 Civ. 3972 (LTS)(JCF)

DONGBU HANNONG CHEMICAL CO., LTD.
and KUMHO P&B CHEMICALS, INC.,

        Defendants.

------------------------------------------------------x



## MEMORANDUM ORDER

       In this breach of contract action, Cedar Petrochemicals, Inc. ("Cedar") asserts that Defendants Dongbu Hannong Chemical Co., Ltd. ("Dongbu") and Kumho P&B Chemicals, Inc. ("Kumho"), delivered non-conforming liquid phenol in violation of written and oral contracts. Dongbu brings cross-claims against Kumho, asserting that, to the extent any goods were non-conforming, Kumho was responsible. The Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332.

       Kumho now moves pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Cedar's Third Amended Complaint and Dongbu's cross-claims. The Court has fully considered the parties' submissions. For the following reasons, Kumho's motion is granted.

       Kumho argues that, as a Korean company, it lacks the requisite minimum contacts in New York to support this Court's valid exercise of personal jurisdiction over it. On a pre-discovery

motion to dismiss a complaint under Rule 12(b)(2), the plaintiff carries the burden of establishing that the court has personal jurisdiction over the defendant by making a prima facie showing of jurisdiction. See Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (citation omitted). A plaintiff can make this prima facie showing through affidavits and supporting materials containing "an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." Id. (quoting Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)).

Personal jurisdiction analysis is a two-pronged inquiry: both state law and federal due process requirements must be satisfied. Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC, 450 F.3d 100, 106 (2d Cir. 2006). Cedar argues that Kumho consented to personal jurisdiction by virtue of the forum-selection clause found in the contract between Cedar and Dongbu. See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Williams, 223 A.D.2d 395, 398 (1st Dep't. 1996) ("selection of forum clause affords a sound basis for the exercise of personal jurisdiction over a foreign defendant"). However, nowhere in its affidavits and supporting materials does Cedar or Dongbu present evidence that Kumho either agreed to a forum-selection clause or authorized Dongbu, as its agent, to agree on Kumho's behalf to such a clause. Absent a prima facie showing that Kumho itself agreed to a forum-selection clause, there is no basis for a finding of personal jurisdiction by consent. Nor has either party proffered any evidence that Kumho, either by itself or through an agency relationship with Dongbu, transacted business in New York so as to bring itself under New York's long-arm statute. See N.Y.C.P.L.R. § 302(a)(1); Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467 (1988).

Accordingly, Kumho's 12(b)(2) motion to dismiss the Third Amended Complaint and Dongbu's cross-claims is granted. The Clerk of Court is respectfully requested to terminate

Docket Entry Number 46.

       SO ORDERED.

Dated: New York, New York
      March 6, 2009

                                                LAURA TAYLOR SWAIN
                                                United States District Judge