# EXHIBIT 1



**CEDAR**
petrochemicals, inc.
110 Wall Street, 7th Floor, New York, NY 10005
Tel: 212.268.4320 • Fax: 212.879.1129

Date:   May 17, 2005
To:     Dongbu Hannong Chemical Co., Ltd.

From:   Salim Harfouche
        Cedar Petrochemicals, Inc

Contract No: T250-P1-0505NYC

We hereby confirm the following transaction between Dongbu Hannong Chemical Co., Ltd. and Salim Harfouche of Cedar Petrochemicals, Inc. Following sets forth the entire agreement of the parties.

Buyer:       Cedar Petrochemicals, Inc
             110 Wall Street, 7th Floor
             New York, NY  10005  USA

Seller:      Dongbu Hannong Chemical Co., Ltd.
             21F Dongbu Financial Center, 891-10,
             Daechi-Dong, Gangnam-Gu,
             Seoul, Korea
             135523

Product:     Phenol

Quantity:    2,000.00 MTS   +/- 5% Seller's Option

Quality:     Pure Phenol as per attached Kumho's Standard Guaranteed Sales Specs

Price:       950.00 USD / MT

Incoterm:    FOB Ulsan Anchorage, Korea

Ship Period: May 18-23, 2005

Ship Via:    Bow Flora OOS

Payment:     Irrevocable Documentary L/C at sight

Inspection:  By mutually acceptable/independent surveyor whose findings as to quantity/ quality as per shoretank figures at loadport are final and binding on both parties. Fees at loadport to be equally split between buyer and seller.

Other:       Incoterms 2000 as amended to date to govern.

This agreement is subject to our standard terms and conditions, a copy of which is attached hereto and is incorporated by reference. In the event of a conflict between the terms of this agreement and our standard terms and conditions, the terms of this agreement shall control.

Kindest Regards,

Salim Harfouche
Cedar Petrochemicals, Inc
Tel: (212) 268-4320 Fax: (212) 879-1129
E-mail: Salim@cedarpetrochemicals.com

Seller Acceptance _____ Date _____

## PURCHASE CONFIRMATION STANDARD TERMS AND CONDITIONS

This contract is subject to the terms and provisions set forth below.

1. Any controversy or claim arising out of or relating to this sales confirmation shall be settled, at the option of Seller, either in the federal or state courts of the City and State of New York, United States of America, or by arbitration in New York City, New York, in accordance with the rules of the American Arbitration Association and any award issued in connection therewith shall be enforceable in any court of competent jurisdiction. The party desiring arbitration (the first party) shall serve notice upon the other party in writing, by facsimile, together with the first party's designation of an arbitrator. Within fifteen (15) days thereafter, the other party, in writing served upon the first party by facsimile, shall designate its own arbitrator, and the two arbitrators so named shall together appoint a third arbitrator. In the event that the other party shall fail to appoint an arbitrator, the first party's arbitrator shall be the sole arbitrator. If however, both parties appoint arbitrators, and the two arbitrators are unable to agree on a third arbitrator within thirty (30) days, then either party may petition the American Arbitration Association, who shall appoint the third arbitrator. The Seller hereby submits to personal jurisdiction before the federal or state courts of the City and State of New York, United States of America, and the American Arbitration Association in New York City, New York and waives all defenses based upon lack of personal jurisdiction.

2. Invoices for overseas shipments must state marks, net and gross weights and cubic measurements.

3. All shipping documents must be mailed promptly by Seller. Any expenses incurred due to late arrival of documents shall be for Seller's account.

4. Where goods do not conform to this order, or for other just cause, Buyer may offer to return or may return all or any part of the goods to Seller at Seller's expense, within a reasonable time after delivery and inspection, notwithstanding prior payment. Any payment made by Buyer shall be promptly refunded to Buyer upon such return.

5. Any extra expense caused by disregard of shipping instructions shall be for account of Seller.

6. Seller shall notify Buyer immediately if shipping date cannot be met. Without prejudice to Buyer's other rights, Buyer reserves the right (i) to grant an additional period of time for Seller's performance; (ii) to claim damages instead of taking delivery of the goods; or (iii) to cancel this order if shipment is not made by the date specified.

7. The goods need not be inspected by Buyer or its representative upon delivery, but inspection may be made by Buyer or by Buyer's customer within one month after Buyer acquires physical possession of the goods or clearance by customer of the goods, whichever is later. Notification of defect or nonconformity mailed by Buyer's customer within such time period and forwarded by Buyer to Seller within one week after receipt thereof shall be deemed timely and valid notification.

8. Unless otherwise agreed, the presentation and packing of the goods hereunder shall be completely neutral inside and outside and shall not bear any markings or labels whatsoever of the manufacturer or packer thereof. If Buyer should suffer any damages due to failure to preserve such neutral appearance of the goods or due to noncompliance with the marking instructions of Buyer, such damages shall be borne by Seller.

9. If delivery of the goods cannot be made in accordance within the terms hereof, Seller shall notify Buyer without delay.

10. On sales where Buyer makes chartering arrangements for the delivery of goods hereunder, Seller shall be bound by the terms of such arrangements unless, prior to such time as Buyer has completed chartering arrangements, Seller has notified Buyer of the conditions or restrictions pertaining to particular loading or discharging facilities. Seller shall have the duty to obtain the terms of the chartering arrangements made by Buyer and to comply with all such terms. Upon acceptance of a vessel nomination, Seller shall be responsible for all demurrage and related costs specified in such nomination.

CEDAR PETROCHEMICALS, INC.

# CEDAR
### petrochemicals, Inc.
110 Wall Street, 7th Floor, New York, NY 10005
Tel: 212.391.0300 • Fax: 212.879.1129

**Date:** May 17, 2005
**To:** Dongbu Hannong Chemical Co., Ltd.

**From:** Salim Harfouche
Cedar Petrochemicals, Inc

**Contract No: T239-P1-050523YC**

We hereby confirm the following transaction between Dongbu Hannong Chemical Co., Ltd. and Salim Harfouche of Cedar Petrochemicals, Inc. Following sets forth the entire agreement of the parties.

**Buyer:** Cedar Petrochemicals, Inc
110 Wall Street, 7th Floor
New York, NY 10005 USA

**Seller:** Dongbu Hannong Chemical Co., Ltd.
21F Dongbu Financial Center, 891-10,
Daechi-Dong, Gangnam-Gu,
Seoul, Korea
135523

**Product:** Phenol
**Quantity:** 2,000.00 MTS +/-5% Seller's Option
**Quality:** Pure Phenol as per attached Kumho's Standard Guaranteed Sales Specs
**Price:** 950.00 USD / MT
**Incoterm:** FOB Ulsan Anchorage, Korea
**Ship Period:** May 19-23, 2005
**Ship Via:** Bow Flora OOS
**Payment:** Irrevocable Documentary L/C at sight
**Inspection:** By mutually acceptable/independent surveyor whose findings as to quantity/quality as per shoretank figures at loadport are final and binding on both parties. Fees at loadport to be equally split between buyer and seller.
**Other:** Incoterms 2000 as amended to date to govern.

This agreement is subject to our standard terms and conditions, a copy of which is attached hereto and is incorporated by reference. In the event of a conflict between the terms of this agreement and our standard terms and conditions, the terms of this agreement shall control.

Kindest Regards,

Salim Harfouche
Cedar Petrochemicals, Inc
Tel: (212) 391-0300 Fax: (212) 879-1129
E-mail: Salim@cedarpetrochemicals.com

DONGBU HANNONG CHEMICAL CO., LTD.

Y. H. PARK / SENIOR VICE PRESIDENT
Seller Acceptance        Date

## PURCHASE CONFIRMATION STANDARD TERMS AND CONDITIONS

This contract is subject to the terms and provisions set forth below.

1. Any controversy or claim arising out of or relating to this sales confirmation shall be settled, at the option of Seller, either in the federal or state courts of the City and State of New York, United States of America, or by arbitration in New York City, New York, in accordance with the rules of the American Arbitration Association and any award issued in connection therewith shall be enforceable in any court of competent jurisdiction. The party desiring arbitration (the first party) shall serve notice upon the other party in writing, by facsimile, together with the first party's designation of an arbitrator. Within fifteen (15) days thereafter, the other party, in writing served upon the first party by facsimile, shall designate its own arbitrator, and the two arbitrators so named shall together appoint a third arbitrator. In the event that the other party shall fail to appoint an arbitrator, the first party's arbitrator shall be the sole arbitrator. If however, both parties appoint arbitrators, and the two arbitrators are unable to agree on a third arbitrator within thirty (30) days, then either party may petition the American Arbitration Association, who shall appoint the third arbitrator. The Seller hereby submits to personal jurisdiction before the federal or state courts of the City and State of New York, United States of America, and the American Arbitration Association in New York City, New York and waives all defenses based upon lack of personal jurisdiction.

2. Invoices for overseas shipments must state marks, net and gross weights and cubic measurements.

3. All shipping documents must be mailed promptly by Seller. Any expenses incurred due to late arrival of documents shall be for Seller's account.

4. Where goods do not conform to this order, or for other just cause, Buyer may offer to return or may return all or any part of the goods to Seller at Seller's expense, within a reasonable time after delivery and inspection, notwithstanding prior payment. Any payment made by Buyer shall be promptly refunded to Buyer upon such return.

5. Any extra expense caused by disregard of shipping instructions shall be for account of Seller.

6. Seller shall notify Buyer immediately if shipping date cannot be met. Without prejudice to Buyer's other rights, Buyer reserves the right (i) to grant an additional period of time for Seller's performance; (ii) to claim damages instead of taking delivery of the goods; or (iii) to cancel this order if shipment is not made by the date specified.

7. The goods need not be inspected by Buyer or its representative upon delivery, but inspection may be made by Buyer or by Buyer's customer within one month after Buyer acquires physical possession of the goods or clearance by customer of the goods, whichever is later. Notification of defect or nonconformity mailed by Buyer's customer within such time period and forwarded by Buyer to Seller within one week after receipt thereof shall be deemed timely and valid notification.

8. Unless otherwise agreed, the presentation and packing of the goods hereunder shall be completely neutral inside and outside and shall not bear any markings or labels whatsoever of the manufacturer or packer thereof. If Buyer should suffer any damages due to failure to preserve such neutral appearance of the goods or due to noncompliance with the marking instructions of Buyer, such damages shall be borne by Seller.

9. If delivery of the goods cannot be made in accordance within the terms hereof, Seller shall notify Buyer without delay.

10. On sales where Buyer makes chartering arrangements for the delivery of goods hereunder, Seller shall be bound by the terms of such arrangements unless, prior to such time as Buyer has completed chartering arrangements, Seller has notified Buyer of the conditions or restrictions pertaining to particular loading or discharging facilities. Seller shall have the duty to obtain the terms of the chartering arrangements made by Buyer and to comply with all such terms. Upon acceptance of a vessel nomination, Seller shall be responsible for all demurrage and related costs specified in such nomination.

CEDAR PETROCHEMICALS, INC.